[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, a limited partnership doing hundreds of millions of dollars worth of business yearly on a world wide basis, seeks temporary injunctive relief that would prohibit four former employees from working for a competitor.
Pursuant to the agreement of counsel, the four separate actions were consolidated for hearing.
It's clear from the evidence that the plaintiff's standard form employment agreement was signed by all four defendants at or shortly after they were hired. As a part of same, the defendants agreed, inter alia, that for an 18 month period after leaving CT Page 8606 plaintiff's employ they would not work for a competitor or in a similar business within a one hundred mile radius of any counties serviced by any of the offices in which they were assigned prior to leaving. This radius, of course, extends the prohibited area well beyond certain borders of the State of Connecticut.
Apparently the same employment agreement was used for all newly hired personnel, be they licensed, unlicenced, skilled, unskilled, supervisory or nonsupervisory including those who would have access to confidential information and those who might never see or be privy to confidential information of any sort. Consequently the reasonableness of the plaintiff's standard employment agreement and its "across the board" application to all new hires is at best suspect.
It's undisputed that all four defendants left plaintiff's employ within the last 18 months and that all four are working for one of plaintiff's competitors within the State of Connecticut.
Plaintiff contends that it is harmed by the defendants' violation of the employment agreement and by their possible violation of the covenants prohibiting the recruitment of any of its employees or the solicitation of any of its customers and/or by the use of certain confidential information regarding rate cards, customer lists and the like. None of this, however, has been shown to the court. In fact, no customers have been solicited, no employees recruited and the defendants do not have access to any customer lists or rate cards or any other confidential information.
Assuming arguendo, however, that preventive relief would be appropriate at this stage of the proceedings, "It is clear that the power of equity to grant injunctive relief may be exercised only under demanding circumstances. . . .[T]he issuance of an injunction rests within the sound discretion of the trial court. . . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from the interference by injunction." (Citations omitted); internal quotation marks omitted.) Andersonv. Latimer Point Management Corp., 208 Conn. 246, 262,545 A.2d 525 (1988).
Clearly, the harm to be suffered by the four individual defendants and their families, were the defendants required to CT Page 8607 terminate their employment, greatly exceeds any harm suffered or to be suffered by the plaintiff, resulting from the failure to grant the requested temporary injunction. "Injunctive relief may not lie where it is predicated on the fears and apprehensions of the party applying for it or where it would be incompatible with the equities of the case." Karls v. Alexandra Realty Corp,179 Conn. 390, 402, 426 A.2d 784 (1980).
Plaintiff's application for temporary injunctive in each of the four cases is denied.
WEST, J.